IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:12-602-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Gregory Lamont Rawls, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant raises three Grounds for Relief asserting ineffective assistance of counsel. The Government filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant has responded to the Government's motion and this matter is ripe for resolution.

**I. BACKGROUND**

In August 2012, Defendant was indicted in this District for felon in possession of a firearm (Count 1), in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e); possession with intent to distribute a quantity of heroin (Count 2), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and possession of a firearm in furtherance of a drug trafficking crime (Count 3), in violation of 18 U.S.C. § 924(c)(1)(A).

On January 7, 2013, Defendant entered into a plea agreement with the Government wherein he agreed to plead guilty to Counts 1 and 2 of the Indictment. The plea agreement contained a waiver of Defendant's right to file a direct appeal or to contest his sentence under 28 U.S.C. § 2255 absent a claim of ineffective assistance of counsel or prosecutorial misconduct. On January 8, 2013,

1

Defendant appeared with counsel before the court and, after a thorough Rule 11 hearing, pleaded guilty to Counts 1 and 2.

A Presentence Report (PSR) was prepared in anticipation of sentencing. On April 8, 2013, Defendant appeared with counsel for sentencing. Based upon his criminal history, Defendant was found to be an armed career criminal pursuant to 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4, and was sentenced to 180 months' imprisonment, consisting of 180 months as to Count 1 and 180 months as to Count 2, with these terms to be served concurrently.

Defendant filed a Notice of Appeal to the Fourth Circuit Court of Appeals. On December 5, 2013, the Fourth Circuit affirmed Defendant's conviction and sentence. *United States v. Rawls*, 547 F. App'x 336 (4th Cir. 2013). On November 17, 2014, the Clerk of Court received Defendant's motion for relief under 28 U.S.C. § 2255 for filing.

## II. STANDARD

Defendant contends that he received ineffective assistance of counsel, both at the trial and appellate level. The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id*. As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. A reviewing court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690. *See also Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993).

The same two-part test applies in the context of cases in which a defendant entered a guilty plea. But because "[p]lea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks," strict adherence to the deferential *Strickland* standard is "all the more essential when reviewing the choices an attorney made at the plea bargain stage." *Premo v. Moore*, 562 U.S.115, 131 S. Ct. 733, 741 (2011). To establish prejudice in the context of a guilty plea Defendant must show that "there is a reasonable probability that, but for counsel's error, [Defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "The added uncertainty that results when there is no extended formal record and no actual history to show how the charges have played out at trial works against the party alleging inadequate assistance." *Premo*, 562 U.S. at ___, 131 S. Ct. at 745.

In applying *Strickland* to claims of ineffective assistance of appellate counsel, this court accords appellate counsel the "presumption that he decided which issues were most likely to afford relief on appeal." *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)."'Winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from evidence of incompetence, is the hallmark of effective appellate advocacy." Smith v. Murray, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751 (1983)); *see also Smith v. South Carolina*, 882 F.2d 895, 899 (4th Cir. 1989) (counsel's failure to raise a weak constitutional claim may constitute an acceptable strategic decision designed "to avoid diverting the appellate court's attention from what [counsel] felt were stronger claims"). Although it is possible to bring a successful ineffective assistance of appellate counsel claim based on failure to raise a particular issue on direct appeal, the Supreme Court has reiterated that it is "difficult to demonstrate that counsel was incompetent."

3

*Smith v. Robbins*, 528 U.S. 259, 288 (2000). "'Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Id*. at 288 (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)).

An analysis of an ineffective assistance of counsel claim can initially focus on the prejudice prong of the *Strickland* test, as "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697. To establish prejudice relating to the actions of appellate counsel, Defendant must establish a reasonable probability that, but for his counsel's unreasonable failure to include a particular issue on appeal, he would have prevailed on his appeal. *See Robbins*, 528 U.S. at 285-86.

### III. DISCUSSION

**A. Ground One – Ineffective Assistance – Knowing and Intelligent Guilty Plea**

Defendant contends that counsel was ineffective and "abandoned his duties to investigate and put the government to the burden of establishing that a warrantless seizure is reasonable." Mot. at 5, ECF No. 91-1. Defendant argues that he was "coerced" into pleading guilty and that "he was [not] sufficiently aware of the relevant circumstances and likely consequences of the plea agreement." *Id*. at 6. The Government maintains that counsel was not ineffective, and that the record establishes Defendant's guilty plea as knowing and voluntary. Defendant provides no reply to the Government's position or trial counsel's affidavit in his response to the motion for summary judgment.

4

The court agrees with the Government. Therefore, for the reasons stated by the Government, with which the court concurs and adopts, the Government is entitled to summary judgment on Ground One, and it is dismissed with prejudice.

**B.  Ground Two – Ineffective Assistance – Armed Career Criminal Designation**

Defendant argues in Ground Two that he was improperly found to be an armed career criminal. Defendant claims that his prior state court drug convictions do not qualify as "serious drug offenses" as he received suspended sentences. The Government contends that Defendant's prior drug offenses each carried a penalty "for which a maximum term of imprisonment of ten years or more is prescribed by law[,]" 18 U.S.C. § 924(e)(2)(A)(ii), and therefore qualified as "serious drug offenses" such that Defendant was properly deemed an armed career criminal.

The court finds that Defendant's arguments are without merit. The criminal penalties associated with Defendant's prior drug offenses clearly meet the statutory requirement of being ten years or more; accordingly, these convictions are qualifying "serious drug offenses," no matter that the state court exercised its discretion in sentencing Defendant to suspended sentences.

Additionally, Defendant has provided no evidence that he would have declined to enter a guilty plea and would have proceeded to trial. Defendant also has produced no evidence, nor does he even allege, that counsel would have had any reason to believe Defendant did not or could not understand the court's comprehensive Rule 11 proceeding, wherein he was questioned about, and admitted under oath, his guilt as to Counts 1 and 2. In the absence of any evidence Defendant was incompetent or incapable of participating in the Rule 11 proceeding, Defendant cannot claim that counsel was ineffective for permitting him to answer the court's questions, after being advised by

5

the court and affirming that he understood the elements of the offenses charged, the potential sentence attaching to those charges, and the facts supporting those charges.

Accordingly, the Government is entitled to summary judgment and Ground Two is dismissed with prejudice.

### C. Ground Three – Ineffective Assistance – Cumulative Effect

Defendant claims in Ground Three that counsel in ineffective in failing to "properly object to and appeal the cumulative effects of this case." Mot. at 9. Defendant argues that the prejudice he suffered "from the cumulative errors is obvious and lasted from the beginning of the case until the end." *Id*.

Defendant's argument is without merit. He has failed to establish any ineffectiveness by either trial or appellate counsel. Accordingly, the Government is entitled to summary judgment on this Ground and it is dismissed with prejudice.

### IV. CONCLUSION

The Government's motion for summary judgment is **granted** and Defendant's motion for relief is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,*

537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 6, 2015