IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America<br><br>v.<br><br>Gregory Lamont Rawls,<br><br>Defendant. | Cr. No. 3:12-602-CMC<br><br>**Opinion and Order** |

Defendant seeks relief pursuant to 28 U.S.C. § 2255, arguing that in light of the Supreme Court's holding in *Johnson v. United States*, 576 U.S. __, 135 S.Ct. 2551 (2015) and *Welch v. United States*, 578 U.S. __, 136 S.Ct. 1257 (2016), he is no longer an armed career criminal and should be resentenced. ECF No. 109. Counsel, appointed by this court, filed a response in support. ECF No. 117. The Government filed a response in opposition and a motion to dismiss Defendant's § 2255 motion. ECF Nos. 118, 119. Defendant did not file a response to the Government's motion to dismiss. This matter is ripe for resolution.

**I. Background**

On August 7, 2012, Defendant was indicted for (1) felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e); (2) possession with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(a)(C); and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). ECF No. 1. On August 29, 2012, the Government filed two Informations to establish prior convictions: one under 21 U.S.C. § 851, and another under 18 U.S.C. §924(e), both exposing Defendant to enhanced penalties. ECF Nos. 23, 24. On January 8, 2013, Defendant entered into a plea agreement to counts one and two, felon in possession and possession with intent to distribute. ECF No. 48. The

plea agreement contained a waiver of Defendant's rights to pursue an appeal or file a motion under § 2255. *Id.* Defendant entered a guilty plea pursuant to the plea agreement on January 8, 2013. ECF No. 50.

A Pre-Sentence Report (PSR) concluded Defendant was an armed career criminal under the Armed Career Criminal Act ("ACCA"), facing a mandatory minimum term of imprisonment of fifteen (15) years and a maximum term of life imprisonment, and a career offender under the Sentencing Guidelines. ECF No. 62. The PSR found that Defendant's prior South Carolina conviction for armed robbery in 1994 was a violent felony and his convictions for possession with intent to distribute cocaine (2000) and possession with intent to distribute cocaine within ½ mile proximity of a school (2005) were for serious drug offenses, all of which qualified as predicate convictions for ACCA and career offender purposes. *Id.* at ¶¶ 36, 37, 38. Both the armed career criminal and career offender enhancements resulted in offense levels of 34. *Id.* at ¶¶ 68, 69. With the three point decrease for acceptance of responsibility, Defendant's total offense level was 31, criminal history category VI, resulting in a guideline range of 188-235 months. *Id.* at ¶ 93. There were no objections to the PSR.

On April 8, 2013, Defendant appeared for sentencing. The court, granting a defense motion for a sentence below the guideline range, sentenced Defendant to 180 months' imprisonment on each count, concurrent, and a six-year term of supervised release. ECF No. 63. Defendant appealed, but the Fourth Circuit issued an opinion on December 5, 2013, dismissing in part based on the appeal waiver and affirming the district court on all issues not encompassed by the waiver. ECF No. 87.

Defendant filed an initial § 2255 motion on November 17, 2014. ECF No. 91. After full briefing, this court granted the Government's motion for summary judgment and dismissed the § 2255 motion. ECF No. 98. Defendant received permission from the Fourth Circuit to file a second or successive § 2255 motion, and filed the instant motion on April 26, 2016. ECF Nos. 108, 109.

## II.  The ACCA

A conviction for felon in possession typically carries a statutory maximum sentence of ten years in prison. *See* 18 U.S.C. § 924(a)(2). However, if the accused has three or more previous convictions for certain types of felonies, he is subject to an enhanced minimum sentence of fifteen years imprisonment with a maximum term of life imprisonment. Title 18 U.S.C. § 924(e)(1) provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

As is relevant to this case, the statute defines "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that– (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2)(B). The first clause, § 924(e)(2)(B)(i), is typically referred to as the "use of force" clause ("has as an element the use, attempted use, or threatened use of physical force against the person of another."). The first part of the second clause, § 924(e)(2)(B)(ii), lists specific

3

offenses – burglary, arson, extortion, offenses involving use of explosives – and is commonly denoted as the "enumerated offense" clause. Finally, the portion of § 924(e)(2)(B)(ii) covering a conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another" is generally referred to as the "residual clause."

### a. *Johnson* and *Welch*

On June 26, 2015, the Supreme Court held the residual clause of the ACCA violates due process as it "denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 576 U.S. at __, 135 S. Ct. at 2557. By holding the ACCA residual clause unconstitutionally vague, the Court narrowed the predicate offenses that could serve to enhance a sentence to those that qualify under the enumerated or force clauses. The ACCA residual clause can no longer support a defendant's classification as an armed career criminal. On April 18, 2016, the Supreme Court decided *Welch*, holding the newly established right recognized in *Johnson* retroactive to cases on collateral review. 578 U.S. __, 136 S.Ct. at 1259

## III. Discussion

Defendant had three predicate convictions which served to qualify him for the ACCA enhancement at the time of sentencing: two felony drug offenses and one violent felony, the armed robbery conviction.[1] While Defendant's drug offenses were untouched by the *Johnson* ruling, his armed robbery conviction counted as a violent felony and was potentially affected by the striking

---

[1] Defendant was also classified as a career offender at sentencing. However, as the Supreme Court has decided the residual clause of the career offender Guideline is not void for vagueness, he is unable to challenge this classification. *See Beckles v. United States*, 580 U.S. __, 137 S.Ct. 886 (2017).

4

of the residual clause. Therefore, the issue at hand is whether Defendant's armed robbery conviction under South Carolina Code § 16-11-330(A) qualifies as an ACCA predicate conviction under the force clause, or only qualified under the now-defunct residual clause.

The Fourth Circuit has held South Carolina robbery is a violent felony under the ACCA.[2] *United States v. Doctor*, 842 F.3d 306 (4th Cir. 2016). South Carolina courts define robbery as the "felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear." *Id.* at 309 (citing *State v. Rosemond*, 589 S.E.2d 757, 758 (S.C. 2003)). The court examined cases defining and interpreting South Carolina law to conclude that robbery by either putting someone in fear or by actual violence satisfies the force clause by requiring the threat or use of "violent force." *Id.* at 312 ("South Carolina has defined its common law robbery offense, whether committed by means of violence or intimidation, to necessarily include as an element the 'use, attempted use, or threatened use of physical force against the person of another.'"). The court also rejected defense arguments that South Carolina robbery could be committed by violent force against property instead of a person, without an intentional use of force, and by using *de minimis* actual force (in contrast to North Carolina's common law robbery offense). Therefore, the court determined that South Carolina robbery "necessarily" has as an element the use, attempted use, or threatened use of physical force, and thus qualifies as a violent felony under the force clause of the ACCA. *Id.*

---

[2] *Doctor* noted "South Carolina strong arm robbery and common law robbery are synonymous terms for a common law offense whose penalty is provided for by statute." *Id.* at 308 n.1. Therefore, the Fourth Circuit simply referred to this offense as "South Carolina robbery" throughout the opinion.

5

Following *Doctor*, the Fourth Circuit had occasion to consider whether South Carolina armed robbery under § 16-11-330(A)[3] is a violent felony under the ACCA's force clause. In *United States v. Weston*, 681 F. App'x 235 (4th Cir. 2017), the court held "*Doctor* forecloses Weston's argument that his prior strong arm robbery and *armed robbery* convictions are not violent felonies under the ACCA's force clause.[4] *Id.* (emphasis added); *see also United States v. Scott*, 689 F. App'x 160, 161 (4th Cir. 2017) (holding armed robbery, which "includes all the elements of strong arm robbery," a violent felony under the ACCA force clause) (internal citations omitted); *United States v. Wise*, 701 F. App'x 279, 280-81 (4th Cir. 2017) (holding South Carolina armed robbery qualifies as a crime of violence requiring the threatened or actual use of physical force under the Sentencing Guidelines, because the lesser included offense of robbery involves at least the threatened use of physical force).

---

[3] Defendant argues the statute under which he was convicted is different than the current statute, and only had as elements "that a strong arm robbery occurred while the defendant was armed." EC No. 117 at 2. However, as *Doctor* held strong arm robbery to be a violent felony under the force clause, this argument fails.

[4] South Carolina robbery, addressed in *Doctor*, is a lesser included offense of armed robbery. *State v. Mitchell*, 675 S.E.2d 435, 437 (S.C. 2009) ("Armed robbery occurs when a person commits robbery while either armed with a deadly weapon or alleging to be armed by the representation of a deadly weapon. S.C. Code. Ann. § 16-11-330. Included in armed robbery is the lesser included offense of robbery. . . ."); S.C. Code Ann. §§ 16-11-325, 330.

## IV. Conclusion

As South Carolina armed robbery is a violent felony under the ACCA force clause, Defendant has three predicate offenses as required under the ACCA and remains an armed career criminal.[5] Therefore, Defendant's § 2255 motion is **denied**.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 2, 2018

---

[5] The court declines to address the Government's arguments for dismissal.